**UNITED STATES of America,**
**Appellee,**

v.

**David O. HUNTER, Defendant–**
**Appellant.**

**Docket No. 05–0366.**

United States Court of Appeals,
Second Circuit.

Sept. 21, 2005.

Jerald Levine, Jackson Heights, NY, for Appellant.

John Nathanson, Assistant United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, and Susan Corkery, Assistant United States Attorney, on the brief), for Appellee.

Present: CARDAMONE, McLAUGHLIN, and POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

David O. Hunter appeals a judgment convicting him of violation of supervised release by commission of a state crime and

the resulting sentence of two years imprisonment and three years supervised release. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

Following a hearing in which the district court heard testimony from Hunter's probation officer, mother, and girlfriend, the district court found Hunter guilty of the charged violation of supervised release. At judgment the district court did not specify which section of the New York Penal Law that it found Hunter had violated. However, the court plainly intended it to be New York Penal Law § 240.25, first degree harassment, as charged in the report on violation of supervised release. The sentencing court referred to the report on violation of supervised release both in its oral pronouncement and its written judgment.

■ Hunter contends that his actions, three phone calls laden with obscenities and threats of violence during a period of approximately an hour, constitute neither repeated acts nor a "course of conduct" within the meaning of Section 240.25. However, he has identified no New York authority supporting his position, and his three telephone calls fall within the plain language of the statute because Hunter "repeatedly committed acts" that placed his victim in "reasonable fear of physical injury."

■ Hunter's attacks on the sentence he received also lack merit. First, contrary to his argument, the district court indicated familiarity with the advisory policy statements for supervised release. *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). In addition, the sentence imposed, although fifteen months longer than the highest point in the recommended range was not unreasonable given the district court's factual findings. *See id.*

(" '[R]easonableness' in the context of review of sentences is a flexible concept. The appellate function in this context should exhibit restraint, not micromanagement.... Although the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently.") (internal citation omitted).

We, therefore, affirm the judgment of the district court.